Loretta D. CHAPMAN–
ROLLE, Appellee,

v.

William A. ROLLE, Jr., Appellant.

Loretta D. Chapman–Rolle, Appellant,

v.

William A. Rolle, Jr., Appellee.

Superior Court of Pennsylvania.

Argued Nov. 30, 2005.
Filed Feb. 15, 2006.

Donald T. Kissinger, Harrisburg, for Rolle.

Mary A. Pacuska, Harrisburg, for Chapman–Rolle.

BEFORE: JOYCE, ORIE MELVIN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Both husband and wife appeal from the April 18, 2005 Order granting husband's motion for reconsideration of the fourth of the court's four support Orders, and thereby increasing the net monthly income attributed to wife and decreasing to $8,347.30 the amount of child support husband must pay commencing December 1, 2004.

¶ 2 The parties, both doctors, married in June 1987, and had four children together. Since 1997, wife, a pediatrician, had worked no more than eight hours per week as she stayed home with the children, upon the mutual agreement of the parties. Husband continued full-time employment as a physician. The parties were divorced on December 3, 2004. Since then, wife has maintained primary physical custody of the children. Husband exercises partial physical custody on alternating weekends plus one overnight per week.

¶ 3 While the divorce was pending, wife filed a complaint seeking child and spousal support from husband. A support Order was entered and later modified by stipulation of the parties such that husband was required to pay $7,334 per month for child and spousal support. *See* Record No. 12. On February 12, 2004, wife filed a petition to increase the support Order. Following a domestic relations conference, a hearing officer recommended that wife's petition be denied and the court entered an Order accordingly.

¶ 4 Wife requested a *de novo* hearing after which the court made the following determinations. The parties stipulated to husband's monthly income. Also, pursuant to their marriage settlement agreement, the parties agreed that husband would not assert wife to have an earning capacity in excess of $12,000 prior to December 1, 2007.[1] They also agreed that commencing December 1, 2004, father would pay wife $4,000 per month alimony for five years, followed by $3,000 per month for two years. Father's spousal support obligation thus ceased as of November 30, 2004. In light of this agreement, the court calculated the parties' combined net monthly incomes, and since it exceeded $15,000, determined this was a high income child support case pursuant to Pa.R.C.P. 1910.16–2(e) **Net Income Affecting Application of the Child Support Guidelines** (2) *High Income Child Support Cases.*[2] It thus calculated each parties' share of the presumptive minimum amount of child support for each of four time periods.

¶ 5 The first, effective February 12, 2004, the date wife filed her petition for modification, included an upward adjustment for tuition expenses for two children, and required husband to pay $8,304.31 per month for child and spousal support. The second, effective May 1, 2004, reflected an upward adjustment for child care expenses and deletion of tuition expenses, and required husband to pay $8,636.22 per month in child and spousal support. The third, effective August 1, 2004, reflected a decrease in child care expenses, and required husband to pay $8,062.38 per month in child and spousal support. The fourth, effective December 1, 2004, reflected the commencement of husband's alimony obligation and the termination of spousal support, and required husband to pay $7,362.23 per month in child support and alimony.

¶ 6 Since this is a high income case, the court then engaged in a *Melzer* analysis to determine whether to award an additional amount of child support. *See also* Pa. R.C.P. 1910.16–2. The court found that a *Melzer* adjustment was not warranted as to the first three time periods, since the reasonable needs of the children would be met under the presumptive child and spousal support amounts. As to the fourth, effective December 1, 2004, the court found that the children's reasonable needs would not be met living with mother, thus it ordered an upward *Melzer* adjustment, to $8,819.73 per month, including alimony, child support, and an adjustment to cover mother's deficit. The court entered four Orders accordingly.

1. We note though that wife's actual income of $12,300 per year exceeded the maximum yearly earning capacity to which the parties had agreed. Thus, the court used her actual earnings in its calculations.

2. Rule 1910.16–2(e)(2), *High Income Child Support Cases*, provides:
   When the parties' combined net income exceeds $15,000 per month, child support shall be calculated pursuant to *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). The presumptive minimum amount of child support shall be obligor's percentage share of the highest amount of support which can be derived from the schedule for the appropriate number of children and using the parties' actual combined income to determine obligor's percentage share of this amount. The court may award an additional amount of child support based on the parties' combined income and the factors set forth in *Melzer*. The *Melzer* analysis in high income child support cases shall be applied to all of the parties' income, not just to the amount of income exceeding $ 15,-000 per month. In a *Melzer* analysis case, the presumptive minimum remains applicable.
   *Id.*

¶ 7 Husband filed a motion for reconsideration arguing that the court erred in failing to deduct alimony from his net monthly income as of December 1, 2004, and that it must reduce his net income to account for state, local and Medicare taxes. He argued further that the court erred in considering some expenses claimed by wife. *See* Record No. 20, Defendant's motion for reconsideration. The court granted the motion thereby modifying the fourth Order, effective December 1, 2004, attributing to wife a higher monthly income and, accordingly, reducing the monthly sum husband was to pay in alimony and child support to $8,347.30 rather than $8,819.73. Record No. 21, Trial Court Order, Turgeon, J., 4/18/05. Wife filed a timely appeal from this Order and husband filed a cross-appeal.

¶ 8 Wife raises one issue for our review: whether the trial court abused its discretion in failing to deduct ordinary and necessary business expenses from her net monthly income calculation, which she says would have resulted in a negative income for her. Thus, she contends, an adjustment under the *Melzer* analysis was warranted for the first, third, and fourth support Orders.

¶ 9 We begin by noting the following principles relevant to our review. The applicable standard of review with respect to support awards is abuse of discretion; the amount of support awarded is largely within the sound discretion of the trial court. "A finding that the court abused its discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." Thus, this Court may reverse the trial court's determination only if the court's order cannot be sustained on any valid ground. *Spahr v. Spahr*, 869 A.2d 548, 551 (Pa.Super.2005) (citations omitted).

¶ 10 We find no error in this court's "failure" to deduct ordinary and necessary business expenses from wife's net monthly income calculation. As husband points out, wife included the expenses to which she now refers, i.e., medical malpractice insurance, medical membership association dues, and continuing medical education (CME) credits, in her income and expense statement. *See* Record, No. 17, Exhibit E, at 4–6; *see also* reproduced record, at 84a–86a. In conducting its *Melzer* analysis, the court utilized these itemized expenses provided by wife and accepted all but her claimed legal fees, full tuition costs, and full medical expenses. *See* Trial Court Opinion, at 7–9. Thus, the court did, in fact, account for these expenses, *as they were accounted for by wife*.[3] If the court had also deducted these expenses from wife's income, it would have "double counted" them. Husband pointed this out in his

---

**3.** We note that in wife's brief, she claims $2,500 in yearly costs for continuing medical education (CME) credits. Wife's brief at 9. This is consistent with the income and expense sheet in her "offer of proof and review of applicable law." Record No. 17, Exhibit E, at 6. The total of her monthly expenses according to that document is $11,463.39. The reproduced record however, contains an income and expense sheet for wife which includes a claim for $395 in yearly costs for CME credits. Reproduced record at 86a.

Wife's total monthly expenses according to that document are $10,842.90. *Id.* This Court is not to consider items not in the certified record. *Bennyhoff v. Pappert*, 790 A.2d 313, 317 (Pa.Super.2001). We simply acknowledge, however, that the court must have had in its possession a document identical to that contained in the reproduced record, since it used a monthly expense figure of $10,842.90. *See* Trial Court Opinion, at 7. Thus, it must have utilized the $395 yearly cost for CME.

brief. Wife did not respond to this allegation in her reply brief. We find that the court committed no error in this regard.

¶ 11 Husband raises two issues on appeal:

I. Did the trial court err in calculating [his] net monthly income for support purposes for the period on and after December 1, 2004 where the trial court miscalculated [his] state, local and Medicare taxes by using the incorrect filing status for [him] and by failing to calculate the aforementioned taxes on the monies [he] used to pay his alimony obligation?

II. Did the trial court err in its determination of the necessary expenses related to the minor children pursuant to a needs based analysis under *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (Pa.1984), where [wife] failed to satisfy her burden of proof as to the necessary expense of the children and where [wife] included expenses that should not have been considered by the court?

Husband's brief at 1.

¶ 12 As to father's first issue, father contends that the court properly utilized a figure of $17,977 for his net monthly income, a figure to which the parties had stipulated, for the period prior to December 1, 2004. He argues, however, that for the period commencing December 1, 2004, the court should have deducted from his income the $4,000 per month alimony payment he was then required to make to wife, and should have considered that his tax status would change to single with one exemption, rather than the previous status of married, filing separately. In addition, husband claims that the court failed to calculate state, local, and Medicare taxes on the $4,000 per month of income used by him to satisfy his alimony obligation. Tak-

ing these factors into account, husband contends that his monthly net income for child support purposes was $13,267.12 as of December 1, 2004.

¶ 13 First, we note that in calculating the percentage of the presumptive minimum amount of child support attributable to each parent, the court, in fact, did account for husband's alimony payments commencing on December 1, 2004. *See* Trial Court Opinion, at 3, 5, 9. The court then utilized that figure as a basis in its version of the *Melzer* calculation, and in fact, supplemented that figure after finding a deficit in mother's finances for the period commencing December 1, 2004. In its calculation, however, the court also considered whether husband had sufficient income, and found a surplus existed after his reasonable expenses were deducted. It is unclear from the record whether the court accounted for husband's alimony payments when it calculated his income after reasonable expenses, under its version of a *Melzer* analysis. *See id.,* at 9. In any event, we are remanding to the trial court for a proper *Melzer* calculation. *See infra.* In performing this calculation, the trial court must take proper account of husband's alimony payments.

¶ 14 Second, and most importantly, we note that although husband argues "the trial court misapplied existing tax law in calculating [his] net monthly income for support purposes..." he provides no citation whatsoever to any law supporting his arguments as to these allegations. *See* Husband's brief at 12–14. "It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal." *Jones v. Jones,* 878 A.2d 86, 90 (Pa.Super.2005). We will not make this argument for him. This issue is therefore waived.

¶ 15 As to husband's second and final issue on appeal, he maintains wife had the burden of proving the reasonable needs of the children, and failed to present evidence establishing the "true monthly needs of the children separate and distinct from [her] needs." Husband's brief at 14. Thus, he argues, the trial court's entry of a support Order above and beyond the presumptive minimum, pursuant to a *Melzer* analysis, as to the fourth Order, effective December 1, 2004, must be reversed and the case remanded for entry of a support Order consistent with the presumptive minimum amount.[4]

¶ 16 In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), our Supreme Court held "the hearing court must first calculate the reasonable expenses of raising the children involved, based upon the particular circumstances—the needs, the custom, and the financial status—of the parties." *Melzer*, at 471, 480 A.2d at 995. "Once the reasonable needs of the children have been determined, *Melzer* sets forth a formula to calculate each parent's support obligation." *Mascaro v. Mascaro*, 569 Pa. 255, 259, 803 A.2d 1186, 1189 (2002). Specifically, the court must determine the amount of each parent's income which remains after the deduction of the parent's reasonable living expenses. *Melzer*, at 472, 480 A.2d at 996. Finally, the court is to

> calculate each parent's total support obligation in accordance with the following formula:
>
> Mother's total support obligation = Mother's income available for support / (Mother's income available for support + Father's income available for support) X Child(ren)'s needs

Father's total support obligation = Father's income available for support / (Mother's income available for support + Father's income available for support) X Child(ren)'s needs

*Id.*, at 472–473, 480 A.2d at 996.

¶ 17 The court here acknowledged that in conducting a *Melzer* analysis, a court must calculate the children's reasonable needs separately from those of the parents. Trial Court Opinion, at 6, citing *Mascaro*, at 1193. It noted that neither party provided the information in the format required as "they both submitted expense statements that combined their expenses with those of raising children," "[n]or did they provide testimony to clarify the issue." Trial Court Opinion, at 6. Thus, the court stated that it could not "strictly adhere to *Melzer*." *Id.* It noted, however, that

> the information provided by the parties as required under relevant support rules, while not in the precise form required, does in fact contain the information required in making the *Melzer* calculation including the reasonable expense of raising the children and the respective abilities of the parents to support their children.

Trial Court Opinion, at 6.

¶ 18 We agree with husband that the court erred when it ignored the specific requirements of *Melzer* by failing to calculate the children's reasonable needs separately from those of wife. As our Supreme Court noted in *Mascaro, supra*, a case in which our Court was reversed for this very same reason, "[p]inpointing the child's needs is crucial ... to determining his or her support...." *Mascaro*, at 266–267, 803 A.2d at 1193–1194. We note,

---

4. Husband only challenges the fourth Order as it was the only Order of the four which included an upward adjustment, pursuant to *Melzer*, to the presumptive minimum support amount.

moreover, that this Court reversed the trial court in the case of *Fitzgerald v. Kempf,* 805 A.2d 529, 533 (Pa.Super.2002), due to the court's failure to determine the reasonable needs of the children separate from those of the wife, thereby failing to meet the requirements enumerated in *Melzer.*

¶ 19 We therefore vacate the court's April 18, 2005 Order, which amended only the fourth support Order, that Order being effective December 1, 2004. That fourth Order is the only Order challenged by husband, and it is, therefore, the only Order which must be revisited.

¶ 20 Order vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.