J-S16002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.R. | : | IN THE SUPERIOR COURT OF |
|   Appellant | : | PENNSYLVANIA |
| | : | |
|       v. | : | No. 1578 MDA 2014 |
| | : | |
| M.A. | : | |

Appeal from the Order Entered August 29, 2014
In the Court of Common Pleas of York County
Family Division, at No. 2006-FC-001521-03

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.           **FILED APRIL 24, 2015**

D.R. (Father) appeals, *pro se*, the order of the Court of Common Pleas of York County, entered August 29, 2014, that awarded shared legal and physical custody of his daughter, A.R. (Child), fifteen years of age, to him and to M.A. (Mother). We affirm.

Father and Mother had physical custody of A.R. and her sister, E.R., according to a schedule of their own making from 2006 until 2012. Under that schedule, Father had primary physical custody. E.R. is not subject to the order under appeal as she has reached majority.

Father filed a complaint in custody on January 13, 2012, in which he sought shared legal custody and primary physical custody. The parties attended a conciliation conference; the conciliator recommended shared physical and legal custody. The parties took the matter to trial in June 2012 and eventually stipulated to shared physical and legal custody.

J-S16002-15

Father filed a petition to modify custody on January 28, 2014, in which he sought sole legal custody and primary physical custody. After a conciliation conference in March 2014, the conciliator recommended that the parties abide by the order then in effect. The trial court conducted a hearing on Father's petition and, on August 29, 2014, entered the order complained of here that continues shared legal and physical custody. This timely appeal followed.

Our scope and standard of review is as follows.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

We have stated that

> [T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

- 2 -

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). Additionally,

> [t]he parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

***S.M. v. J.M.***, 811 A.2d 621, 623 (Pa. Super. 2002) (citation omitted).

We begin by noting that the trial court entered a comprehensive opinion with its order of August 29, 2014. In that opinion, the trial court discussed each of the sixteen statutory custody factors in 23 Pa.C.S.A. § 5328. On October 20, 2014, the trial court entered a supplemental opinion in which it discussed Father's errors complained of on appeal.

In his first issue, Father complains that the trial court erred when it relied on the close proximity of the residences of the parties and awarded shared custody because "this distance is conducive to a shared custody schedule." Trial Court Opinion, 8/29/14 (TCO), at 5. In its supplemental opinion, the trial court admits that it found the close proximity of the parties' residences conducive to shared custody, but stated, "[t]his Court considered

all of the relevant factors pursuant to 23 Pa.C.S.A. §5328 in regards to the best interests of the [C]hild in making the decision to award shared physical custody of the [C]hild to the parties." Supplemental Opinion, 10/20/14 (SO), at 5. Father focuses on a single finding. He ignores the fact that the trial court conducted a comprehensive evaluation of the facts upon which it based its decision to award shared custody. We find no error in the trial court's determination to award shared custody. Father's first issue is without merit.

In his second issue, regarding factor seven, the well-reasoned preference of the child, Father complains that the trial court did not award him primary custody in spite of the fact that Child maintained "a preference for his household and that she gave a very good reason for wanting that preference: to maintain a good relationship with her sister." Father's Brief, at 13.

Child did not express a preference to live in Father's household. She expressed a preference to be there when her sister was present. We quote the trial court's explanation, with approval, "[Child's] preference was focused on the maintenance of a relationship with her older sister who is living at Father's residence and the creation of a custody schedule that would allow her to be at Father's residence when her sister would also be present and available. As identified in the Opinion, [Child] did not state a preference as to whose residence she would like to spend the majority of her time." SO,

at 1-2. Child refused to state a preference for one household over the other, and that her only preference was to maximize the time she spent with her older sister. The trial court did not err when it found factor seven to be neutral. Father's second issue is without merit.

In his third issue, Father complains that the trial court abused its discretion when it found that factor one, which party encourages continued contact with the other party, favored Mother. We quote the trial court's analysis with approval:

> The [c]ourt weighed "Encouragement of Continued Contact between the Other Party" in favor of Mother because the evidence at trial established that [Child] has visited Father's residence freely during Mother's custody time. It is true that both Mother and Father testified that they encourage contact between [Child] and the other party; however, limited testimony was presented evidencing [Child] actually visiting Mother's residence during Father's custody time. Father testified that [Child] would be allowed to go to Mother's during his custody time to pick up anything she forgot at her Mother's residence. (Transcript p. 7) However, testimony by Mother established that Father is not as willing to allow [Child] to visit Mother's residence during his custody time. Mother testified that on one occasion Father refused to let [Child] come over to Mother's early to pack for a vacation. (Transcript p. 111) On another occasion, Mother testified that Father was not willing to allow her to exercise her entire vacation rental because it cut into his custody time with [Child]. (Transcript p. 112) In light of this testimony and the lack of testimony regarding [Child] actually visiting Mother's residence during Father's custody time, the [c]ourt found that this factor weighed in favor of Mother.

SO, at 3-4. The record supports the trial court's determination that it is Mother, not Father, who will encourage continuing contact with the other party. Father's third issue is without merit.

In his fourth issue, regarding factor eight, attempts to turn child against the other parent, Father claims, "[t]he trial court weighed the handling of the financial matters in favor of Mother over Father, but it expressly ignored testimony that would not put Mother in a favorable light[.]" Father's Brief, at 27.

In support of his claim, Father examines the testimony and the evidence presented to the trial court and asks us to reach a different conclusion. This we may not do. We are bound to accept the conclusions of the trial court if they are supported by the record, even if it were possible to reach a different conclusion. *See S.M. v. J.M.*, *supra*. The record supports the trial court's conclusion that "this factor weighs slightly in favor of Mother." TCO, at 11.

In his fifth issue, Father complains that the trial court erred when it found that Father's handling of financial affairs created friction with the Children where the only significant friction was with the child who had reached majority. Father, however, failed to present any argument in his brief in support of this claim and has therefore failed to develop a coherent legal argument to support it. By failing to develop a coherent legal argument, he has waived his claim. "[A]rguments which are not appropriately developed are waived." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (internal citations omitted). *See Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa. Super. 2006) ("It is well settled that a

failure to argue and to cite any authority supporting an argument constitutes a waiver of issues on appeal").

In his sixth issue, Father again claims the trial court erred in favoring Mother over Father on the handling of financial matters. Once again, though, Father examines the testimony and the evidence presented to the trial court and asks us to reach a different conclusion. We again decline to do so. *See S.M. v. J.M.*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015