J-S36001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.O.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: J.C., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1749 EDA 2016 |

Appeal from the Order May 5, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-AP-000056-2016
CP-51-DP-0002461-2013
FID: 51-FN-004675-2013

BEFORE:   PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 08, 2017**

J.C. ("Father") appeals from the decree entered on May 5, 2016, granting the petition filed by the Philadelphia Department of Human Services ("DHS"), to involuntarily terminate his parental rights to his male child, N.O.W., born in June 2013, ("Child"), with N.W. ("Mother"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511, and the order entered May 5, 2016, granting DHS's petition to change the permanency goal for Child to adoption pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6351. We affirm.

On January 12, 2016, DHS filed the petitions for the involuntary termination of Father's parental rights and goal change to adoption. The trial court fully set forth the factual and procedural background of this appeal. We refer the reader to that decision where the facts and the procedure are set

forth. *See* Trial Court Opinion, 1/4/17, at 1-3. On May 5, 2016, the trial court granted the petitions for involuntary termination of the parental rights of Father to Child pursuant § 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act, and to change the goal to adoption pursuant to § 6351 of the Juvenile Act.

Father timely appealed from the termination decree and goal change orders, and he filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Father raises two issues for our review:

> A. Whether [t]he [t]rial [c]ourt [e]rred [i]n [t]erminating Father's [p]arental [r]ights where he was denied the opportunity to take a paternity test to confirm paternity prior to his legal rights being terminated?
>
> B. Whether [t]he [t]rial [c]ourt [e]rred in [t]erminating Father's [p]arental [r]ights where CUA/DHS made no attempt to contact Father to inform him of his single case plan objectives?

Father's Brief, at 5.

We observe that Father did not identify either § 2511(a) or (b) in his concise statement of errors complained of on appeal and his statement of questions involved portion of his brief, nor did he identify the goal change. In the summary of argument portion of his brief, however, Father specifically challenged the sufficiency of the evidence under § 2511(a) and (b). *See* Father's Brief, at 9. We deem any challenge to the sufficiency of the evidence to support the termination under § 2511(b) and the change in the permanency goal for Child waived by Father's failure to preserve those

- 2 -

challenges in his concise statement and statement of questions involved in portion of his brief. *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his concise statement of errors complained of on appeal and the statement of questions involved in his brief on appeal). *See also In re M.Z.T.M.W.*, ___ A.3d ___, ___, n.3, 2017 WL 2153892, *3, n.3 (Pa. Super., filed May 17, 2017).

We find that Father preserved his challenge to § 2511(a)(1) and (2), respectively, through his argument concerning whether the trial court improperly failed to allow him to have a paternity test conducted before terminating his parental rights, and whether the trial court improperly terminated his parental rights where the Community Umbrella Agency ("CUA") and/or DHS failed to make reasonable efforts to offer Father contact with Child or services prior to filing the petition to terminate his parental rights. *See Krebs*, 893 A.2d at 797. We proceed to the merits.

In reviewing an appeal from an order terminating parental rights, we adhere to the following standard:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion.

Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

[T]here are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

*In re Adoption of S.P.*, 47 A.3d 817, 826-827 (Pa. 2012) (internal citations omitted).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *See In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009).

Moreover, we have explained that

[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id*. (quoting *In re J.L.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)).

This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any *one* subsection of §

- 4 -

2511(a). **See In re B.L.W.**, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). We will focus on subsection (a)(1), which provides as follows:

**§ 2511. Grounds for involuntary termination**

(a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

With respect to this subsection, our Supreme Court has held that

[o]nce the evidence establishes a failure to perform parental duties or a settled purpose of relinquishing parental rights, the court must engage in three lines of inquiry: (1) the parent's explanation for his or her conduct; [and] (2) the post-abandonment contact between parent and child[.]

**In re Adoption of Charles E.D.M.**, 708 A.2d 88, 92 (Pa. 1988) (citation omitted).

Further, this Court has stated that

the trial court must consider the whole history of a given case and not mechanically apply the six-month statutory provision. The court must examine the individual circumstances of each case and consider all explanations offered by the parent facing termination of his or her parental rights, to determine if the evidence, in light of the totality of the circumstances, clearly warrants the involuntary termination.

**In re B.,N.M.**, 856 A.2d 847, 854-855 (Pa. Super. 2004) (citations omitted).

Father challenges the sufficiency of the evidence to support termination under § 2511(a)(1) where he was denied the opportunity to

take a paternity test to confirm paternity. Father urges that he timely requested a paternity test to determine whether he is, in fact, the biological father of Child, and that this Court should remand the matter for a paternity test, since it is not conclusively determined that he is Child's biological father. Father claims that he met with the DHS social worker at a visit with Child in August 2015,[1] and the social worker advised him to attend the next court hearing to request a paternity test regarding Child. Father asserts that he was arrested in October 2015, and remained incarcerated at the time of the next permanency review hearing, so the paternity test was never performed.

Father has failed to support his argument with any case law, so we could consider the issue waived. **See Chapman-Rolle v. Rolle**, 893 A.2d 770, 774 (Pa. Super. 2006) (stating that a failure to argue and cite to pertinent legal authority in support of a claim constitutes waiver of the claim). We will, however, address it on the merits.

This Court has rejected an argument concerning the trial court's failure to conduct a paternity test as relieving the father from performing parental duties under § 2511(a)(1) until paternity is confirmed by means of a

---

[1] Both the trial court opinion and Father's brief has an apparent clerical error, in that it states that the date was August 2014, whereas the notes of testimony reflect that the date was August 2015. **Compare** Trial Court Opinion, 1/4/17, at 3-4, and Father's Brief, at 7, 11, **with** N.T., 2/5/16, at 12-14, 17-18, 22, 27.

paternity test. *See In re Z.S.W.*, 946 A.2d 726, 731 (Pa. Super. 2008).

This Court stated:

> We decline to accept the trial court's rational [sic] that L.C. [the alleged father] was only required to "attempt the level of parenting consistent with his and the agency's knowledge of parentage." The crux of the trial court's statement is that L.C. was not required to perform any parental duties until he received the results of the paternity test. To adopt the trial court's rationale would relieve all fathers of their parental duties until their parentage was confirmed by a paternity test.

*Id*., at 731.

Here, the DHS social worker, Terry Bailey, testified at the termination/goal change hearing that Father accompanied Mother to one visit with Child in August 2015. *See* N.T., 2/5/16, at 16-19. Mother identified Father as, and he purported to be, Child's father. *See id*. Father discussed having a paternity test with Ms. Bailey at that time, and she advised him to raise the issue at the next permanency review hearing. *See id*. Although DHS sent Father notice concerning visitation with Child, Father had not visited Child since August 2015, nor had he contacted Ms. Bailey or DHS regarding the paternity testing. *See id*., at 16-19, 30-31. Father stated that Mother told him that he was Child's father when child was born in June 2013. *See id*., at 35. Father admittedly was arrested in October 2015, and, at the time of the hearing, Father remained incarcerated. *See id*., at 21, 32.

Based on the decision in *In re Z.S.W.*, we find Father's argument that his failure to perform his parental duties should be in some way excused until confirmation of his paternity of Child lacks merit. We find no error or

abuse of discretion in the trial court's consideration and disposition of the issue. **See** Trial Court Opinion, 1/4/17, at 4-5. As the trial court also terminated the parental rights of any unknown father, and no individual claiming to be the unknown father has appealed that order, the trial court's termination of Father's parental rights without ordering a paternity test to conclusively determine that Father is Child's biological father is of no consequence.

We find the trial court's conclusion that Father has failed to perform parental duties with regard to Child, and its termination of his parental rights under § 2511(a)(1), is supported by competent evidence in the record.

Father's second and final issue pertains to subsection (a)(2) of § 2511. We have already found the petitioner presented sufficient evidence that the asserted grounds for seeking the termination of parental rights are valid under subsection(a)(1). Thus, we need not even address subsection (a)(2). **See In re B.L.W.**, 843 A.2d at 384. We will, however, very briefly address this issue; it is meritless.

Father asserts that the trial court erred in terminating his parental rights where the CUA and/or DHS made no attempt to contact him to inform him of his single case plan objectives. Father alleges that, while he had a responsibility to stay in contact with DHS, his incarceration left him at a disadvantage, because he could not easily communicate with DHS. Father contends that the CUA worker made no attempt at reasonable efforts to

contact him in prison. Father urges that the failure of the CUA and/or DHS to make any reasonable effort to offer him contact with Child or services should result in a reversal of the termination order.

Father's argument concerning the CUA and/or DHS's failure to provide reasonable efforts toward reunification between him and Child lacks merit. *See In re D.C.D.*, 105 A.3d 662 (Pa. 2014), wherein the Court held that the trial court is not required to consider reasonable efforts in relation to a decision to terminate parental rights under § 2511(a)(2). *See id*., at 675.

This Court finds no abuse of discretion in the trial court's termination of Father's parental rights to Child pursuant to § 2511(a)(1) and (2). We also find Father waived challenges to the sufficiency of the evidence to support termination under § 2511(b) and the goal change to adoption. We, therefore, affirm the termination decree and goal change order.

Decree and order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2017