J-A06023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

R.A.H.                                    :    IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :
          v.                              :
                                          :
                                          :
A.D.H.                                    :
                                          :
          Appellant                       :    No. 1520 MDA 2018

Appeal from the Order Entered August 10, 2018
In the Court of Common Pleas of Lebanon County Domestic Relations at
No(s):  2015-5-0752

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                          **FILED JUNE 07, 2019**

Appellant A.D.H. (Mother) appeals *pro se* from the order setting forth the amount of child support she must pay to Appellee R.A.H. (Father).  Mother argues that Father has breached the terms of the parties' private agreement that governs their child support obligations.  We affirm.

The trial court set forth the relevant facts of this appeal as follows:

Mother and Father are the parents of two children, ages twelve and thirteen.  Since their separation in 2015, Mother and Father have equally shared custody of the children pursuant to a private agreement.

[In 2015], Mother and Father entered into a property settlement agreement to resolve their divorce and financial issues.  The agreement called for both parties to support the children during each's time of physical custody and contribute equally to "ongoing expenses" such as school lunches, clothing purchases and extracurricular costs.  Mother asserts that Father failed to fulfill

_____

[*] Retired Senior Judge assigned to the Superior Court.

> his obligation to contribute to these ongoing expenses. Therefore, she filed a complaint for child support [at docket number 2015-5-0752 on May 1, 2017]. She also filed a petition for special relief seeking to enforce the parties' agreement [at docket number 2015-20752]. The child support dispute was assigned to [the Honorable Bradford H. Charles]. The petition for special relief was assigned to the Honorable Samuel A. Kline . . . .
>
> The child support dispute proceeded more quickly . . . than did the petition for special relief. A hearing was conducted before a domestic relations master (DRM) on May 17, 2018. [The parties were represented by counsel at the hearing.]

Trial Ct. Op., 10/10/18, at 2-3 (some capitalization omitted).

On May 29, 2018, the DRM issued findings of fact and a recommendation that Mother pay child support in the amount of $453.43 per month. The DRM deviated from the child support guidelines pursuant to Pa.R.C.P. 1910.16-4(c)(2),[1] requiring Mother to pay an amount of support that effectively equalized the parties' income. The trial court adopted the recommendation of the DRM by order entered May 30, 2018.

Mother timely filed *pro se* exceptions on June 12, 2018.[2] Among other things, Mother claimed that she and Father "have a previously agreed upon plan of support for their children," which the DRM refused to consider. Exceptions, 6/12/18, at 1 (unpaginated). By order and opinion entered

_____

[1] "If the parties share custody equally and the support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined monthly net income is allocated equally between the two households." Pa.R.C.P. 1910.16-4(c)(2).

[2] Mother's counsel filed a *praecipe* to withdraw her appearance on June 25, 2018. Mother has proceeded *pro se* ever since.

August 10, 2018, the trial court overruled Mother's exceptions and affirmed the monthly support obligation of $453.43. Further, the court commented on the parties' private child support agreement as follows:

> In our August 10, 2018 opinion, we acknowledged that issues pertaining to child support and the parties' private agreement are interrelated. We also recognized that child support agreements are not necessarily rendered a nullity simply because a court-supervised child support complaint has been filed. Because we wanted to enable Judge Kline to analyze the parties' contribution toward the children's ongoing expenses and, if necessary, enforce the letter of the parties' agreement, we affirmed the DRM's decision . . . . We stated:
>
>> We conclude that the DRM's approach accomplished "rough justice" regarding the pending child support litigation. By equalizing the parties' incomes available for support, the DRM's recommendation frees Judge Kline to render whatever decision he deems appropriate regarding the parties' contract dispute. If . . . the parties possess equal resources and . . . the parties' contract requires equal payment of expenses, then the sole issue that Judge Kline will have to decide is whether the parties equally contributed to pay those expenses.

Trial Ct. Op. at 3 (citations and some capitalization omitted).

Mother timely filed a notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3] Again, Mother argued that the trial court

---

[3] Although the trial court docketed its order overruling Mother's exceptions on August 10, 2018, the certificate of service attached to the order indicates that the clerk of court served Mother and Father by mail on August 13, 2018. Therefore, Mother timely filed her notice of appeal on September 12, 2018. *See* Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within thirty days after the entry of the order); Pa.R.A.P. 108(a)(1) (stating that the date of entry of an order is the day the clerk of court mails copies of the order to the parties).

and the DRM failed to consider the parties' private child support agreement. The trial court filed a responsive opinion explaining that it considered the parties' agreement, but the enforceability of the agreement was still under review by another Court of Common Pleas jurist in a separate proceeding.

We now address Mother's issue on appeal.[4]  Mother claims that Father is in breach of the terms of the parties' private child support agreement. Mother's Brief at 4.  Mother acknowledges that she filed a petition for special relief, at a separate Court of Common Pleas docket number, seeking enforcement of the agreement.  *Id.* at 5.  Mother contends that Judge Kline ruled on her petition on October 22, 2018, but the Domestic Relations Office will not enforce Judge Kline's order while this appeal is pending.[5]  *Id.*  Mother concludes that this Court must now act to enforce the terms of the parties' agreement.  *Id.*

The following standard of review applies to an appeal from a child support order:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  We will not interfere with the broad discretion

---

[4] Although Mother's brief does not contain a statement of questions presented, this defect does not inhibit our ability to analyze Mother's argument.

[5] The parties have included Judge Kline's order as an attachment to their briefs.  Father also admits that after this Court disposes of the instant appeal, "the parties may present Judge Kline's order to the Domestic Relations Office in support of modified wage attachment order or other appropriate administrative action to ensure the support is being collected pursuant to the parties' agreement."  Father's Brief at 14.

afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Samii v. Samii*, 847 A.2d 691, 694 (Pa. Super. 2004) (citations and quotation marks omitted).

Instantly, Mother's brief contains no argument or citation to case law to attack the trial court's August 10, 2018 order that overruled her exceptions. Rather, Mother seeks to implement the October 22, 2018 order, which granted her petition for special relief filed at another docket number.[6] Absent any specific assertion of error related to the order overruling Mother's exceptions, we cannot conclude that the trial court abused its discretion. *See Samii*, 847 A.2d at 694; *see also Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa. Super. 2006) (reiterating that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal). Accordingly, we affirm the order overruling Mother's exceptions and setting her monthly support obligation.

Order affirmed.

---

[6] While the current appeal is pending, the domestic relations office cannot take any action with respect to the parties' child support obligations. *See* Pa.R.A.P. 1701(a) (explaining that generally, "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2019