J-A23039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT A. TROTMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNA E. TROTMAN | : | |
| | : | |
| Appellant | : | No. 209 MDA 2021 |

Appeal from the Order Entered January 12, 2021
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-1938-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED:  NOVEMBER 16, 2021**

Donna E. Trotman ("Wife") appeals from the January 12, 2021, order

entered in the Court of Common Pleas of Schuylkill County, which dissolved

the marriage between Wife and Scott A. Trotman ("Husband"), provided for

the equitable distribution of their assets, and awarded Wife alimony.  After a

careful review, we affirm.

The relevant facts and procedural history have been set forth, in part,

by the trial court as follows:

> [Husband and Wife] were married on June 3, 2000, and
> [they] separated on or about October 9, 2017.  Husband initiated
> the divorce action, on or about October 18, 2017, by filing a
> complaint, which included a count for equitable distribution.  By
> Order of Court dated May 13, 2019, Mark Barket, Esquire was
> appointed Master with respect to the issues of divorce and
> equitable  distribution.  A  prehearing  conference,  which  was

_____

[*] Former Justice specially assigned to the Superior Court.

attended by the parties and their counsel, was held on or about June 11, 2019, by the Master. At the prehearing conference, Wife asserted that she wished to seek alimony, as well as counsel fees and costs. Wife was directed by the Master to file a supplemental motion to appoint him on said issues.

On or about August 14, 2019, Wife filed her "Motion for Master to Rule on Defendant's Counts of Alimony and Counsel Fees and Costs"; however, Wife failed to file a motion appointing the Master to these issues, as is required by Schuylkill County Rule of Civil Procedure 1920.51. Wife also failed to file the applicable Masters' fees for the supplemental issues she raised, as is required by Schuylkill County Rule of Civil Procedure 1920.51(g)(1).

The parties appeared for additional hearings before the Master on September 11, 2019, and October 22, 2019, to address the issue of equitable distribution only. The Master granted Husband's motion to deem Wife's requests for alimony and counsel fees and costs waived because of Wife's failure to file a motion to appoint the Master on these issues. The Master further ruled that divorce should be entered under Section 3301(d) of the Divorce Code. On or about November 26, 2019, the Master filed his initial Master's Report and Recommendation [as to divorce and equitable distribution].[1]

On or about December 16, 2019, Wife filed Exceptions to the Master's Report[.] [Therein, she presented a single issue: "The Master erred and abused his discretion in failing to consider the claims of alimony and counsel fees and costs at the September 11, 2019, and October 22, 2019, hearings."].

On or about March 27, 2020, [the trial] court entered an Opinion and Order granting Wife's Exceptions to the Master's Report and further directed her to file a motion for appointment

_____

[1] Relevantly, the Master determined in his report that "[t]he parties agree upon distribution of the assets as follows: a. Home to be sold with proceeds divided[.]" Master's Report and Recommendation, 11/26/19, at 5. The Master further recommended the home be listed for sale at a price as the realtor suggests, and "upon sale the proceeds shall be divided 60% to Wife and 40% to Husband subject to payment of debts[.]" *Id.* at 6. The Master further recommended that various loans and credit card debts be "paid out of the proceeds of the real estate with 60% coming out of Husband's proceeds and 40% coming out of Wife's proceeds[.]" *Id.* at 7.

of the master to these issues.[2] [On May 6, 2020,] Wife filed [a motion for the appointment of a master] with respect to the issue of alimony only[.] On or about May 18, 2020, Husband filed [a] "Motion to Strike Motion to Appoint Master and Enforce Order of Court Dated March 27, 2020" on the basis that Wife failed to file her motion by April 17, 2020, as was ordered by [the trial court's] March 27, 2020, Order.

On or about June 3, 2020, the trial court entered an Order denying Husband's Motion to Strike[.][3] [The trial court] appointed the Master to decide the claim for alimony only.

Trial Court Opinion, filed 4/5/21, at 1-3 (footnotes omitted) (footnotes added).

On July 14, 2020, and September 29, 2020, the Master held supplemental hearings related to Wife's request for alimony. On October 15, 2020, the Master filed an "Amended Master's Report." Therein, the Master considered the factors related to alimony and recommended Wife receive

---

[2] Specifically, the trial court ordered:
  1. [Wife] shall have twenty (20) days from the date of this Order to file an appropriate Motion to have the Master appointed to decide alimony and counsel fees and costs. [Wife] must also pay the appropriate fees for the appointment of the Master on these issues.
  2. If [Wife] complies with this Order and files the appropriate Motion for an Appointment of a Master and pays the appropriate fees within twenty (20) days of the date of this Order then the matter is referred back to the Master to decide the issue of alimony[, as well as] counsel fees and costs. If [Wife] fails to comply with this Order in having a Master appointed on the issue of alimony and counsel fees and costs within twenty (20) days of the date of this Order, then the Court will adopt the Order and Recommendation of the Master.
Trial Court Order, filed 3/27/20.

[3] The trial court explained that it deemed Wife's motion for the appointment of a master to be timely in light of various Pennsylvania Supreme Court orders related to the COVID-19 pandemic.

$527.00 in alimony until November 1, 2021.[4] The Master recommended the parties be divorced pursuant to Section 3301(d) of the Divorce Code. The Master further listed the parties' assets,[5] and he recommended the marital property be equitably distributed consistent with his distribution scheme as set forth in his initial report and recommendation.

On October 30, 2020, Wife filed Exceptions to the Master's amended report and recommendation. Specifically, she indicated:

1. [Wife] hereby takes exception to the sale of the marital residence as ordered by the Master as the Master erred in not awarding the marital residence to [Wife].
2. [Wife] hereby takes exception to Paragraph 6 of the Amended Master's Report as the Master failed to take into consideration the debts of [Wife].
3. [Wife] hereby takes exception to Paragraph 7 of the Amended Master's Report as the Master erred in determining the amount of alimony and not considering the disability of [Wife].

Wife's Exceptions to Master's Amended Report, filed 10/30/20.

On January 8, 2021, Husband filed a "Motion to Strike Exceptions of [Wife] to Amended Master's Report." By order entered on January 12, 2021, the trial court granted Husband's motion to strike Wife's October 30, 2020, Exceptions to the Amended Master's Report. In this order, the trial court indicated "by separate order of [the trial] court, the recommendations of the

---

[4] The Master noted Wife presented no evidence as to counsel fees and costs.

[5] Relevantly, the Master continued to find in his amended report that "[t]he parties agree upon distribution of the assets as follows: a. Home to be sold with proceeds divided[.]" Master's Amended Report, filed 10/15/20, at 6.

- 4 -

Master in the Amended Master's Report are adopted by [the trial court]." Trial Court Order, filed 1/12/21, at 2.

The trial court then filed an additional order on January 12, 2021, holding Husband and Wife are divorced from the bonds of matrimony. The trial court also indicated equitable distribution and alimony are as follows:

1. The home at [] Grey Hawk Drive, Orwigsburg, Pennsylvania 17961 shall be listed for sale with Cheryl Kelly at REMAX and shall be listed at a price as the realtor suggests and upon sale the proceeds shall be divided 60% to Wife and 40% to Husband subject to payment of debts as hereinafter set forth. Alternatively, if the home is foreclosed upon, any deficiency shall be paid 60% by Husband and 40% by Wife. If there are any net proceeds, they shall be dived 60% to Wife and 40% to Husband.

2. The marital portions of the 401(k) and Pension of Husband at Carpenter Technology shall be divided by Qualified Domestic Relations Order with Wife receiving 60% of the marital portion and Husband receiving 40%. The Qualified Domestic Relations Order shall be arranged by Husband and the cost shall be equally divided by the parties.

3. The 2013 Jeep Wrangler shall be the sole and exclusive property of Wife subject to the loan balance of about $15,000.00. The loan shall be the sole responsibility of Wife, who shall indemnify and hold Husband harmless from any and all liability concerning the loan.

4. The 2009 Dodge Ram Truck shall be the sole and exclusive property of Husband. He shall be solely responsible for the $2,100.00 loan. Husband shall indemnify and hold Wife harmless from any and all liability concerning the loan.

5. The furniture set forth in Exhibit 7 shall be divided as stated therein with the exception of the generator and spare key for the Dodge vehicle are awarded to Husband.

6. The following debts shall be paid out of the proceeds of the real estate with 60% coming out of Husband's proceeds and 40% coming out of Wife's proceeds as follows:
   a. CCFR Loan $200.00
   b. Penn Credit $199.00

  c. Lowe's $3,741.00

  d. Chase $1,456.00

  e. 401(k) Loans about $3,000.00 and current balance of Visions Federal Credit Union, if any

7. Defendant, Donna E. Trotman, is hereby ORDERED to receive Alimony in the amount of $527.18 per month until November 1, 2021.

8. Defendant's Motion for Counsel Fees and Costs is DENIED due to failure to present evidence.

  The parties shall sign and deliver all documents and do all other things necessary to effectuate the foregoing. The court shall retain jurisdiction for purposes of enforcement.

Trial Court Order, filed 1/12/21, 1-3.

On February 11, 2021, Wife filed a timely notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Wife sets forth the following issues in her "Statement of Questions Involved" (verbatim):

  A. Did the lower court commit an error of law and/or abuse its discretion in ordering the sale of the marital residence and not awarding it to Defendant?

  B. Did the lower court commit an error of law and/or abuse its discretion in failing to take into consideration the debts of Defendant?

  C. Did the lower court commit an error of law and/or abuse its discretion in determining the amount of alimony and the length of time for which it was granted?

Wife's Brief at 6 (unnecessary capitalization and suggested answers omitted).[6]

---

[6] We note the trial court indicated Wife waived all claims related to her October 30, 2020, Exceptions for failing to abide by Local Rules 1920.55 and 1920.53

*(Footnote Continued Next Page)*

In her first issue, Wife contends that, in fashioning the equitable distribution award, the trial court erred in ordering the sale of the marital residence and not awarding the residence to Wife so that she may continue to live in it.

Initially, we note Wife waived her first issue since she agreed during the Master's hearing that the marital house should be listed for sale, and she would cooperate with the sale of the home. *See* N.T., 10/22/19, at 30. The issue before the Master was whether Wife was entitled to an offset for funds she spent in maintaining the home. *Id.*

---

because she did not file a brief in support of her Exceptions to the Master's amended report or file transcripts within five days of these Exceptions. However, the Pennsylvania Rules of Judicial Administration dictate:

> No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule.
> In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.

Pa.R.J.A. No. 103(c)(8).

Here, it is unclear whether the trial court alerted Wife to the specific provisions at issue and allowed Wife an opportunity to comply. Further, we note the record reveals Wife requested the September 11, 2019, and October 22, 2019, transcripts on March 4, 2020, and they were made a part of the record on March 16, 2020, prior to the trial court's January 12, 2021, order. The remaining transcripts have been made a part of the certified record, as well. Further, the trial court provided an analysis of the merits of Wife's Exceptions. Thus, we conclude Wife did not waive all issues based on a violation of the trial court's local rules.

Accordingly, in his report and recommendation, the Master noted "[t]he parties agree upon distribution of the assets as follows: a. Home to be sold with proceeds divided[.]" Master's Report and Recommendation, 11/26/19, at 5; Master's Amended Report and Recommendation, 10/15/20, at 6.

Further, in accepting the Master's Recommendation, the trial court indicated:

> With regard to the Master's recommendation for the sale of the marital home, we find that this recommendation was appropriate because the record is clear that the parties had already agreed that the home should be sold. In approximately March 2018, the parties came to an agreement that the marital residence would be listed for sale. Based upon the recommendation of the Master and the agreement between the parties, the [trial] court entered its…order directing the marital residence be listed for sale. Additionally, the record reflects that neither party is able to afford the mortgage payments for the residence at this time.

Trial Court Opinion, filed 4/5/21, at 8.

Having agreed in the proceedings below that the marital home was to be sold with the proceeds divided, Wife may not now aver the trial court erred in ordering the marital home be sold as opposed to awarding it solely to her so that she may continue to live in it. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In her next issue, Wife contends that, in fashioning its equitable distribution award, the trial court erred in failing to take into consideration the marital debts. We find this issue to be waived.

Wife's entire appellate argument with regard to this issue is as follows (verbatim):

> Ms. Trotman is disabled and has no current source of income aside from alimony and child support. (322a). She should not have been held equally responsible for the debts accrued during marriage. Much of the credit card debt was accrued by her husband after the date of separation. (330a). The court erred in not taking that into consideration when determining the equitable distribution.

Wife's Brief at 13.

Wife has failed to develop her issue or set forth any binding authority in the Argument section of her brief. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (citation omitted). "[A]rguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa.Super. 2006) (citations omitted). *See Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa.Super. 2006) (holding a failure to argue and to cite any authority supporting an argument constitutes a waiver of issues on appeal).

Here, Wife has failed to cite, discuss, or link the facts of the case to any applicable law. Thus, her second issue is waived on this basis.[7] ***See id.***

In her final issue, Wife contends the trial court erred in determining the amount of alimony, as well as the duration of time for which Wife was entitled to receive alimony. In this vein, Wife contends the trial court's alimony award does not meet the reasonable needs of Wife because she is disabled, has no current income, and has no probability of future income. ***See*** Wife's Brief at 14. Wife suggests the trial court did not appropriately examine the required factors under 23 Pa.C.S.A. § 3701(b).

> Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met.
>
> Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. An

---

[7] The trial court concludes Wife waived her challenges to the equitable distribution portion of the trial court's January 12, 2021, order for failing to raise the issues in her Exceptions to the Master's initial report. The trial court opines Wife did not preserve the issues by raising them for the first time in her Exceptions to the Master's amended report.

In light of our finding of waiver of Wife's first and second appellate issues pertaining to the trial court's equitable distribution scheme on alternate grounds, we need not discuss this aspect of the trial court's holding further. ***See generally Liberty Mut. Ins. Co. v. Domtar Paper Co.***, 77 A.3d 1282 (Pa.Super. 2013) (holding we may affirm the trial court on alternate grounds).

award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award.

In determining whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute.[8]

_____

[8] The Divorce Code relevantly provides the following regarding alimony:
**§ 3701. Alimony**
**(a) General rule.—**Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary.
**(b) Factors relevant.—**In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:
(1) The relative earnings and earning capacities of the parties.
(2) The ages and the physical, mental and emotional conditions of the parties.
(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
(4) The expectancies and inheritances of the parties.
(5) The duration of the marriage.
(6) The contribution by one party to the education, training or increased earning power of the other party.
(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
(8) The standard of living of the parties established during the marriage.
(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.
(10) The relative assets and liabilities of the parties.
(11) The property brought to the marriage by either party.
(12) The contribution of a spouse as homemaker.
(13) The relative needs of the parties.
(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the

*(Footnote Continued Next Page)*

*Cook v. Cook*, 186 A.3d 1015, 1019-20 (Pa.Super. 2018) (quotation marks,

quotations, citations, and footnote omitted) (bold in original) (footnote

added).

In addressing Wife's claim, the trial court set forth the applicable law

and statutory factors. The trial court also relevantly indicated the following:

> After a complete and independent review of the record, [the trial] court upheld the Master's recommendation that Wife be awarded alimony in the amount of $527.18 per month until November 1, 2021, because the Master properly considered all the required factors. The record is clear that Wife has a reasonable need for the alimony, Wife is currently unable to support herself, and Husband is able to pay the recommended amount of alimony while still being able to meet his own needs.
>
> Alimony in this amount is appropriate because Wife's sole income is derived from child support and spousal support[9];

> date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).
> (15) The Federal, State and local tax ramifications of the alimony award.
> (16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.
> (17) Whether the party seeking alimony is incapable of self-support through appropriate employment.
> 23 Pa.C.S. § 3701(a)-(b) (bold in original).

[9] Wife did not challenge the Master's finding that she has an earning capacity of $1,100.00 per month. Further, Wife testified at the July 14, 2020, hearing that she received child support in the amount of $449.00 per month. The most current Domestic Relations Order indicates Husband was paying $527.18 in spousal support.

Husband's yearly earnings have decreased significantly because of a change in employment[10]; the parties were married for approximately seventeen (17) years; Wife serves as custodian to the parties' 17-year-old minor child; neither party is currently paying the mortgage and the marital residence is in foreclosure; Wife is entitled to 60% of the marital portion of Husband's retirement funds via a Qualified Domestic Relations Order ("QDRO"), which his deferred until retirement; Wife has a greater need for financial support because she has a less significant work history earning capacity; Wife submitted a Physician Verification Form dated May 15, 2020, in which her physician indicated that she has a medical condition that affects her ability to earn an income from May 18, 2020, though June 01, 2021; there is testimony that Wife has a pending appeal for Social Security Disability Benefits; and both parties have substantial debt that has been distributed between them.

At this time, Wife's physician has indicated that her period of disability is from May 18, 2020, through June 01, 2021. If it is determined that Wife's disability will extend beyond this date, she has the ability, pursuant to 23 Pa.C.S.A. § 3701(e), to file a motion to modify the award of alimony alleging sufficient change in circumstances. Therefore, Wife's argument that [the trial] court erred in determining the amount of alimony and not considering her disability is without merit.

Trial Court Opinion, filed 4/5/21, at 11-12 (footnotes omitted) (footnotes added).

Upon review of the record, we conclude the trial court did not abuse its discretion. The trial court recognized its responsibility to consider the statutory factors, and after weighing the factors, the trial court determined that alimony was necessary, primarily because of Wife's disability. **See Cook**, **supra**. We further conclude the trial court properly weighed the factors in determining

---

[10] The trial court found that Husband will make approximately $52,000.00 per year in his current employment.

the amount and duration of the alimony, including Wife's own evidence from her physician regarding her disability. ***See id.*** Thus, we find Wife's final claim to be meritless.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2021