J-A16031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATHANIEL D. JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESIREE E. PAGE | : | |
| | : | |
| Appellant | : | No. 377 MDA 2021 |

Appeal from the Order Entered February 23, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2015-FC-001144-03

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 29, 2021**

Appellant, D.E.P. ("Mother"), files this appeal, *pro se*, from the custody order dated January 25, 2021, and entered February 23, 2021, in the Court of Common Pleas of York County, with respect to N.D.J.'s ("Father") appeal of the parent coordinator's recommendations in relation to custody of their three minor children (collectively, the "Children"). After a careful review, we affirm.

The trial court has set forth the relevant facts and procedural history, in part, as follows:

> [Father and Mother] are the natural parents of A.J.[,] born in February of 2010, R.J.[,] born in January of 2011, and L.J.[,] born in May of 2014. This case represents six years of extensive litigious matters. The parties separated in 2015. From 2015

_____

* Former Justice specially assigned to the Superior Court.

through 2019, four final custody orders were entered. . . .[1] In 2020, after the reinstatement of a Parent Coordinator and submission of the Parent Coordinator's recommendation, Father filed a Petition to Appeal the Parent Coordinator's Recommendation on July 27, 2020.[2] On August 3, 2020, Mother filed a Response to Father's Petition. Accordingly, a hearing was scheduled on August 6, 2020. On August 18, 2020, this case was reassigned to [the trial court]. On September 15, 2020, [the trial] [c]ourt held a hearing in which Mother orally requested that th[e] [trial] judge recuse himself. During this hearing, [the trial] [c]ourt issued a temporary order on extracurricular activities and deferred ruling on the recusal matter to a later date. . . .On September 16, 2020, [the trial] [c]ourt issued an Order Denying Mother's Oral Motion for Recusal. Subsequently, another hearing was scheduled for October 26, 2020. On October 26, 2020, [the trial] [c]ourt held a hearing, however, after hearing hours of testimony, [the trial] [c]ourt continued the hearing to December 22, 2020, as well as held a hearing on January 25, 2021. . . .[3]

Trial Court Opinion ("T.C.O."), 4/15/21, at 1-2 (citations to record omitted) (footnotes added).

By order dated January 25, 2021, and entered February 23, 2021, the trial court awarded Father sole legal custody as to decisions relating to the

---

[1] Pursuant to the order dated September 4, 2019, and entered September 5, 2019, the trial court awarded the parties shared legal custody, with Father to have sole legal custody for the purpose of enrolling the Children in counseling. Further, as to physical custody, the trial court granted Father primary physical custody and Mother partial physical custody. Specifically, Mother was awarded physical custody every Thursday at 6:00 p.m. to Friday at 6:00 p.m., as well as every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. A panel of this Court affirmed this order on appeal. *N.D.J. v. D.E.J.*, 237 A.3d 428 (Pa.Super. 2020) (unpublished memorandum) (filed May 11, 2020), *appeal denied*, 237 A.3d 963 (Pa. 2020).

[2] Father's challenge related to provisions as to the Children's extracurricular activities and therapist.

[3] Both Mother and Father were present at all referenced hearings. Notably, Father was represented by counsel; however, Mother appeared *pro se*.

Children's activities, including but not limited to: medical, dental, psychological, therapeutic, educational, and extracurricular activities. The trial court further ordered that Mother and Father may both attend the Children's extracurricular activities.

Moreover, the trial court ordered that Mother's weekday evening custody occur on Monday evening, but that she may select a different evening with 24-hour notice to Father due to extracurricular activities. Finally, the trial court directed that Sheila King-Miller remain the Children's therapist.

Thereafter, on March 22, 2021, Mother filed a timely notice of appeal *pro se*,[4] as well as a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Mother indicates she is raising the following issues:

1. Did the trial court err as a matter of law and abuse[] its discretion in entering a final custody order awarding [F]ather "sole

_____

[4] It is well-settled that "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa.Super. 2013). Generally, a final order is one that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b).; **G.B. v. M.M.B.**, 670 A.2d 714, 715 (Pa.Super. 1996) (*en banc*) (holding that "a custody order will be considered final and appealable only after the trial court has concluded its hearings on the merits and the resultant order resolves the pending custody claims between the parties."). Instantly, while the order in question schedules a subsequent follow-up hearing for testimony of the Children's therapist regarding new incidents raised by Mother and/or Stepfather, we observe that the trial court indicates that the order is a final order relative to the parent coordinator's recommendations.

We observe that Mother additionally filed an appeal on April 21, 2021, as to the subsequent order dated March 15, 2021, and entered March 17, 2021, which ratified and confirmed its prior orders. On May 13, 2021, this Court quashed this appeal, docketed at 504 MDA 2021, as untimely.

decision making, legal custody, and he will be the sole one to make all decisions relative to all three children and their activities including but not limited to: medical, dental, psychological, therapeutic, educational, and extracurricular activities?"

2. Did the trial court err as a matter of law and abuse[] its discretion in ordering Sheila King-Miller from TrueNorth Wellness to continue to provide therapy for the children?

3. Did the trial court err as a matter of law and abuse[] its discretion in failing to disqualify/recuse himself and allow for a detailed evidentiary hearing on the full scope of the matter regarding [Mother]'s request for disqualification and production of evidence during the initial Parent Coordinator appeal hearing dated [September 15, 2020]? Especially after Judge Andrea Marceca Strong, who has [s]upervisor [*sic*] authority over Judge N. Christopher Menges, dismissed herself from this case after personally retaliating against [Mother] when [Mother] appeared before her in a protection from abuse hearing and simultaneously reassigned this case to Judge N. Christopher Menges?

4. Did the trial court err as a matter of law and abuse[] its discretion in relitigating the matter of [extracurricular] activities that was already decided by the trial court in the custody order from December 2, 2019, and for punishing [M]other for following this court order by removing her legal custody of her children in a Parent Coordinator appeal hearing?

5. Did the trial court err as a matter of law and abuse[] its discretion in not allowing considerable evidence to support the fact the children are suffering and not doing well in [F]ather's custodial care[?] The trial court, in fact, refused to view video evidence that would have proven [F]ather's testimony to not be credible and further misinformed [M]other as to the proper procedure for submission of video evidence as a [*pro se*] litigant[.]

6. Did the trial court demonstrate bias, prejudice, partiality, and ill[-]will in not allowing [Mother] to speak, not allowing her to provide a full opening statement to lay the foundation of her position regarding the Parent Coordinator's recommendations (numerous hearings commenced before she was actually allowed to speak and present her own testimony on the matter), giving numerous temporary orders without hearing [M]other's full testimony on the matter, not accepting nor liking her answers

when asking her questions? Did the trial court continually interrupt Mother in the [January 25, 2021,] hearing when she was finally allowed to testify and only allowed her a very brief amount of time compared to [F]ather who had hours of testimony[?] Did the judge also narrow the scope of [M]other's testimony but allowed [F]ather to testify on numerous matters outside of the scope of [Father]'s Parent Coordinator Appeal?

7. Did the trial court err as a matter of law and abuse[] its discretion in applying [*res judicata*] to a Parent Coordinator Appeal hearing while treating this type of hearing as if it were an actual custody trial? Did the trial court not allow a full scope of evidence to be presented where physical or legal custody would, by law, be properly litigated and determined according to the 16 custody factors[,] as well as the rights of each litigant to hire [f]orensic [e]valuators to provide expert reports and expert testimony on the full scope of evidence that has previously never been allowed to be presented in Judge Andrea Marceca Strong's courtroom? This is necessary in order to properly litigate the overall facts of this case should legal or physical custody determinations take place.

8. Did the trial court abuse its discretion in starting all hearings at least fifteen minutes late?

Mother's Brief at 2-4 (Table of Contents).[5]

Initially, prior to addressing the merits of Mother's appeal and any issues raised, we determine whether the issues have been properly preserved for our review. We note Father contends Mother has waived all appellate issues due to the deficiencies of her appellate brief.

Pennsylvania Rule of Appellate Procedure 2111 relevantly provides the following:

---

[5] As discussed in depth below, Mother did not include in her brief a "Statement of Questions Involved." Rather, she set forth a list of issues in the Table of Contents section of her brief.

**Rule 2111. Brief of the Appellant**

**(a) General rule.**--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111 (bold in original).

As to the "Statement of Questions Involved," Pennsylvania Rule of

Appellate Procedure 2116 further states, in part:

**Rule 2116. Statement of Questions Involved.**

**(a)** *General rule.*—The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary

detail.  The statement will be deemed to include every subsidiary question fairly comprised therein.  No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.  Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question.  If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116 (bold in original).

In the case *sub judice*, Mother's appellate brief fails to contain a proper "Statement of Questions Involved" as required by our rules of appellate procedure.  **See** Pa.R.A.P. 2111(a)(4); Pa.R.A.P. 2116(a).  This Court has held that a failure to preserve issues by raising them both in the Pa.R.A.P. 1925 Concise Statement of Errors Complained of on Appeal, as well as the "Statement of Questions Involved" portion of the appellate brief, results in waiver of those issues.  **See Krebs v. United Refining Co.**, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that we will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, Pa.R.A.P. 2116(a), and concise statement).  As Mother's brief lacks a "Statement of Questions Involved," as required by Pa.R.A.P. 2116, Mother has waived her issues.[6]

_____

[6] Further, even if we considered the list of issues presented in the Table of Contents section of Mother's brief in lieu of a "Statement of Questions Involved," we note Mother has neither stated the issues concisely nor expressed the issues in the terms and circumstances of the case without unnecessary detail. **See** Pa.R.A.P. 2116.

Furthermore, Mother has failed to set forth any binding authority in the Argument section of her brief. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (citation omitted). "[A]rguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa.Super. 2006) (citations omitted). *See Chapman-Rolle v. Rolle*, 893 A.2d 770, 774 (Pa.Super. 2006) (holding a failure to argue and to cite any authority supporting an argument constitutes a waiver of issues on appeal).

Here, Mother has failed to cite, discuss, or link the facts of the case to any applicable law. Thus, her issues are waived on this basis, as well. *See id.*

We recognize that Mother is proceeding *pro se* in this matter.

> [However,] [w]hile this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996) (quotation marks and quotation omitted) (some brackets in original).

Accordingly, for the foregoing reasons, we conclude Mother has waived all issues on appeal. We, therefore, affirm the order of the trial court on this

basis.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2021

---

[7] *See In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating when an appellant has waived her issues on appeal, this Court should affirm the decision of the trial court rather than quash the appeal).